316 So.2d 416 (1975)
DALES JEWELERS, INC., Plaintiff-Appellee,
v.
M. Carl RICE, Defendant-Appellant.
No. 12652.
Court of Appeal of Louisiana, Second Circuit.
July 1, 1975.
Tillery, Rice & Booth, M. Carl Rice, Baton Rouge, and Frank Bright, Shreveport, for defendant-appellant.
Herold & Geneux by T. Lynn Geneux, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and DENNIS, JJ.
DENNIS, Judge.
This is a suit to recover on an oral contract for services rendered in the appraisal of a diamond ring. It is undisputed that M. Carl Rice, an attorney and independent dealer in diamonds, contracted with Horace Simon, chairman of the board of directors of Dales Jewelers, Inc., for the latter to appraise a man's large diamond ring for a fee of ½% of its value. Rice needed the appraisal to effectuate a proposed sale of the ring. The parties do not contest the fact that Simon performed the appraisal or that Rice was unable to sell the ring. However, defendant contends and plaintiff denies that it was also agreed that Rice would not be liable to pay the fee unless he could arrange for a sale of the ring. The district court found that defendant had failed to carry his burden of proving the *417 existence of this conditional requirement for payment as an affirmative defense and rendered judgment for the plaintiff. Defendant appealed contending that the trial court erred in placing the burden of proving the suspensive condition upon him and in excluding evidence of a prior transaction between the parties subject to the same kind of condition.
Louisiana Civil Code Article 2021 provides:
"Art. 2021. Conditional obligation, definition
"Art. 2021. Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; if the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition."
Louisiana Code of Civil Procedure Article 857 provides:
"Art. 857. Same [pleading special matters]; suspensive conditions
"In pleading the performance or occurrence of suspensive conditions, it is sufficient to allege generally that such conditions have been performed or have occurred. A denial of performance or occurrence shall be alleged specifically and with particularity."
These statutory provisions implicitly require a party who relies upon a suspensive condition to an obligation as a defense to bear the burden of proving the parties' agreement that the obligation was conditional and the failure of the event to occur upon which the conditional obligation depends. Our courts have expressly held that the onus of proof is on the party relying on the suspensive condition. See Pertuit v. Weinberg, 134 So.2d 652 (La. App., 4th Cir. 1961).
The defendant filed an answer generally denying the allegations of plaintiff's petition. He did not allege that his obligation to pay the appraisal fee depended on an uncertain event or that the event, i. e., the sale of the ring, had failed to occur. Despite plaintiff's timely objection, defendant was allowed to testify to such a condition and to his failure to sell the ring. However, defendant was not permitted to give testimony regarding a prior appraisal contract between himself and the plaintiff. The plaintiff's chairman, its president, and one of its employees testified that Rice's obligation to pay for the appraisal was not subject to any condition.
The trial judge correctly found that the failure of the event which Rice contends operated to suspend his obligation to pay the appraisal fee amounted to a suspensive condition which he was required to prove. The testimony on this issue was in sharp conflict, and we can find no manifest error in the finding below that he failed to carry his burden of proof. Nor do we find reversible error in the fact that the trial judge disallowed his testimony regarding a prior jewel appraisal transaction between the parties. It appears from the record that such evidence did not bear directly upon the contract in question and therefore would have been cumulative and of marginal relevance.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.