PETERS, Judge ad hoc.
Plaintiffs, Arthur L. Rozas and Anna A. Rozas, appeal the judgment dismissing their claims against the Evangeline Parish Police Jury for damages resulting from a breached contract for dredging a drainage canal through plaintiffs’ property. We affirm.
On October 16, 1969, plaintiffs signed a right-of-way grant giving the Parish of Evangeline the necessary right of way to dredge or clear Bayou Doza, which ran approximately 14 arpents through their property. Before signing the agreement, plaintiff Arthur L. Rozas had expressed concern that the contractor who was to do the dredging might leave the spoils from the canal in large mounds on his land. Mr. Rozas therefore asked for a provision in the right-of-way grant concerning these spoils. The Police Jury inserted a provision saying “That all spoil area will be spread.” Mr. Rozas and his sister, co-owners of the property, signed the right-of-way grant after this provision was added. After the dredging had been completed, the contractor did spread the spoil area to some extent but he left the entire spoil area about two feet higher than the surrounding terrain. Plaintiffs contend the spoils were not spread in the manner promised by the Police Jury. The trial court held that the Police Jury had lived up to its obligations under the contract.
*404 Arthur L. Rozas testified at the trial that before signing the agreement he brought Nat Fontenot, the Police Jury’s right-of-way agent, to the canal and showed him how he wanted the spoils spread. He testified he explained to Nat Fontenot that he wanted his land to be put back into the same condition as it was prior to the dredging. However, Nat Fon-tenot testified he was never brought to view the area along the canal and he further stated that Arthur L. Rozas had given him the impression that the spoils were to be spread so that no hills were left on the land. It is evident the trial court could reasonably conclude that Arthur L. Rozas did not make his specific wishes known to the Police Jury and that the Police Jury did not agree to spread the spoils in the manner in which plaintiffs desired.
In his. well written “Reasons for Judgment” the trial judge stated, “However the court has no guide from the terminology of the contract as to what was intended by the term ‘that all spoils area will be spread.’ The court cannot say from the evidence to what extent that the plaintiff is inconvenienced, and in what way that the Police Jury has failed to live up to its obligation.”
Counsel for appellants argues that the ambiguous provision in the contract concerning the spreading of spoils should be construed against the Police Jury by authority of LSA-C.C. Art. 1957. This court is of the opinion that LSA-C.C. 1958 is actually the controlling article in the present situation. LSA-C.C. 1958 provides as follows:
“But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted.”
Arthur L. Rozas was the contracting party who desired the spoils spread in a certain way. The burden was therefore upon him to explain clearly what he wanted. The evidence indicates the obscurity in the contract arose because he failed to convey his wishes to the Police Jury; hence, the construction most favorable to the Police Jury must be adopted.
In its amended and supplemental answer defendant claimed a set-off of $3,175.00 for a bridge it built for plaintiffs which was not provided for in the contract. When the trial judge dismissed the suit, he stated “The foregoing also resolves the Police Jury’s claim for a set-off for the bridge which the Police Jury built on plaintiff’s property.” The defendant neither appealed nor answered the appeal so this claim has been abandoned.
We do not find any manifest error in the trial court decision and the trial court decision is affirmed. Costs are assessed to appellants.
Affirmed.