353 So.2d 222 (1977)
Michael John LYTWYN, Appellant,
v.
STATE of Florida, Appellee.
No. DD-358.
District Court of Appeal of Florida, First District.
December 30, 1977.
*223 Harry Lewis Michaels and E. Douglas Spangler, of Michaels & Spangler, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
Appellant, in appealing a conviction of manslaughter, poses the following meritorious point on appeal: Whether the trial court erred in instructing the jury as to the presumption of intoxication pursuant to Section 322.262(2)(c), Florida Statutes.
An automobile, which appellant was driving, collided with an automobile that swung in his path while making an improper turn. Two passengers in the latter automobile died as a result of the accident. Appellant was transported to a hospital and, while undergoing treatment for injuries, was asked for permission for a blood sample to be extracted. A state trooper advised him that if he refused the test his driver's license would be suspended for 90 days. Appellant refused. After consulting with the state attorney's office, a state trooper ordered the extraction of a blood sample which revealed a blood alcohol content of .20 percent. Appellant was not placed under arrest, but several weeks later was indicted by the Leon County Grand Jury upon two counts of manslaughter by reason of intoxication.
The trial court, over appellant's strenuous objections, instructed the jury, inter alia:
"Now, as to intoxication, Ladies and Gentlemen, I charge you that if there was at the time of this accident or incident, more than .10 by weight of alcohol in the Defendant's blood, it is prima facie evidence that Defendant was under the influence of intoxicating beverages to the extent that his normal faculties were impaired."
In continuing this instruction, the trial court read to the jury the provisions of Sections 322.262(2); 322.261(1)(a), 322.261(1)(c), and 322.261(1)(e), Florida Statutes.
The foregoing statutes set forth a statutory scheme establishing a presumption of intoxication; such presumption being created solely by the legislature. Section 322.262(2), Florida Statutes, provides, inter alia: "... the results of any test administered in accordance with s. 322.261 and this section shall be admissible into evidence ... [and] shall give rise to the following presumptions... ."[1] We pause to note that the unambiguous language in this statute creates a presumption only when the test is given in accordance with Sections 322.261 and 322.262, Florida Statutes. The salient question is: Was the instant test given in accordance with the statutory provisions? The "implied consent statute", Section 322.261(1)(a), Florida Statutes, provides for a "breathalyser" test following a lawful arrest of the alleged offender. Such a test was not proffered or refused by appellant. Subsection (c) of this statutes, provides for the administration of a blood test after the alleged offender is admitted to a hospital and if he is "incapable of refusal by reason of unconsciousness or other mental or physical condition shall be deemed not to have withdrawn his consent to such test." Finally, subsection (e) of the subject statute details the sanctions that may be imposed upon a person voluntarily refusing any such test. The obvious answer to the above question is that the test was not administered pursuant to the provisions of Chapter 322, as appellant was not incapacitated and refused the test administered. Thus, the statutory presumption was not applicable to appellant, and the instructions given by the trial court based upon Chapter 322, Florida Statutes, were clearly erroneous.
*224 The judgment of conviction is reversed with directions that a new trial be granted.
MASON, ERNEST E., Associate Judge, concurs.
BOYER, J., concurs specially.
BOYER, Judge, concurring specially.
I concur in reversal for the reasons stated in the majority opinion. However, I would also reverse on the ground that there was insufficient evidence to sustain appellant's conviction. In my view the state failed to prove even by a preponderance of the evidence, much less beyond and to the exclusion of reasonable doubt, that either intoxication or negligence on the part of appellant caused the accident in which the life was lost giving rise to appellant being charged with manslaughter. This case is in no wise similar to State v. Harris, 348 So.2d 283 (Fla. 1977). I would therefore reverse and order appellant discharged.
NOTES
[1] The subsection, Section 322.262(2)(c), Florida Statutes, applicable in the instant case provides:

"(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. Moreover, such person who has a blood alcohol level of 0.10 percent or above shall be guilty of driving, or being in actual physical control of, a motor vehicle, with an unlawful blood alcohol level."