364 So.2d 171 (1978)
F. C. WILLIAMS REAL ESTATE
v.
John M. HAYDEL, Jr.
No. 12187.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
John G. Morgan, Baton Rouge, of counsel for plaintiff-appellee F. C. Williams Real Estate.
Randall J. Cashio, Baton Rouge, of counsel for defendant-appellant John M. Haydel, Jr.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
SARTAIN, Judge.
In this suit for a real estate commission, defendant appeals from an adverse judgment of the district court. We affirm.
*172 It is undisputed that on October 13, 1976, John M. Haydel, Jr. (Haydel) signed a written listing agreement with F. C. Williams Real Estate (Williams) granting the latter the exclusive right to sell his home until the expiration date of December 31, 1976. The contract also provided that in the event the property was sold within an additional one hundred eighty days to anyone to whom Williams had offered the property, Haydel agreed to pay the stipulated commission of six percent of the sale price.
On March 4, 1977, within the one hundred eighty day period, Haydel sold his home to Mr. and Mrs. Eugene Givens, Jr. The fact that Mr. and Mrs. Givens were purchasers procured through the efforts of Williams is not contested.
Williams' right to the commission on the sale depends on the effect given to the words "Conventional or Assumption Only" which were written across the top of the listing agreement on the insistence of Haydel by Mr. Douglas Caulfield, an agent of Williams. Parol evidence was admitted to clarify the conceded ambiguity created by the addition of these words. The admissibility of such evidence is not presently disputed.
According to the testimony of both Haydel and Caulfield the words were added to show Haydel's desire for conventional financing or assumption of his loan because of his (Haydel's) concern about having to pay discount points if the purchaser obtained either VA or FHA financing. Haydel's sale to Givens was financed by a VA loan.
Caulfield testified that the words were added merely to indicate Haydel's preference as to financing. He stated that he had explained to Haydel that all interested persons would be shown the house but that Haydel would have the right to determine if a buyer was acceptable to him.
Haydel's testimony was to the effect that he had the words inserted because he did not want the purchase price reduced by both a broker's commission and the discount points of VA or FHA financing and felt that it would be a waste of time for plaintiff to show the house to such persons.
The issue thus presented is whether, according to the provisions of the listing agreement, Haydel can make a VA financed sale to a purchaser procured by Williams and not incur an obligation to pay the stipulated commission.
Haydel contends that the insertion of "Conventional or Assumption Only" on the listing agreement created a suspensive condition which suspended his obligation to pay a commission until Williams procured a purchaser who would either assume his existing loan or use conventional financing and that the sale of the home with VA financing did not satisfy the suspensive condition. C.C. art. 2043.[1]
Williams, on the other hand, maintains that the inserted words merely expressed a preference of the seller, the effect of which was to give him (Haydel) the right to refuse an otherwise qualified buyer, who had VA or FHA financing, without incurring liability for a commission; but, if Haydel were to accept such a buyer then a commission would be due. The trial judge agreed with the view expressed by Williams.
The party relying upon a suspensive condition as a defense bears the burden of proving the existence of the condition and the failure of the occurrence of the event upon which the conditional obligation depends. C.C.P. art. 857.[2]Dales Jewelers, Inc. v. Rice, 316 So.2d 416 (La.App. 2d Cir. 1975).
*173 As noted above, each of the parties to the listing agreement attached a different meaning to the words "Conventional or Assumption Only."
Our Civil Code, on the subject of the interpretation of ambiguous contracts, provides as follows:
Art. 1957. In a doubtful case the agreement is interpreted against him who has contracted the obligation.
Art. 1958. But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee.
We find that under these rules of interpretation the ambiguity should be construed against Haydel.
Although Williams prepared the written form for the listing agreement and would be responsible for any ambiguity in the form itself, the words "Conventional or Assumption Only" were a modification added at the insistence of Haydel, who must properly bear the responsibility for any uncertainty caused by their insertion as he was in a better position to see that his condition was expressed in a clear and unequivocal manner. We conclude that the "want of necessary explanation" was the fault of Haydel. C.C. art. 1958, above. Rozas v. Evangeline Parish Police Jury, 322 So.2d 403 (La.App. 3d Cir. 1975). It does not appear reasonable to expect that a real estate broker would show property to persons when he has no hope of receiving a commission from a sale to them. It is even less likely that an agent would undertake the sale of a home when the owner could accept the purchaser procured by the agent but avoid the obligation of a commission under the theory advanced by Haydel.
We agree with the interpretation propounded by Williams that the addition of the words "Conventional or Assumption Only" simply gave Haydel the right to refuse a buyer with VA or FHA financing without incurring liability for the stipulated commission.
By way of analogy, similar treatment has been accorded the clause containing the list[ed] price. Generally, the owner has a right to refuse to sell at a lower price, but if he accepts a reduced price the broker is entitled to his commission. Grace Realty Co. v. Peytavin Planting Co., 156 La. 93, 100 So. 62 (1924); Pasternack v. Louisiana and Arizona Lands, Inc., 254 So.2d 142 (La.App. 3d Cir. 1971). Cf. Meyers v. Davidson, 196 So.2d 546 (La.App. 4th Cir. 1967), writ refused 250 La. 746, 199 So.2d 182 (1967). The same considerations of fairness apply in the case at hand.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] C.C. ART. 2043.

"The obligation contracted on a suspensive condition, is that which depends, either on a future and uncertain event, or on an event which has actually taken place, without its being yet known to the parties.
"In the former case, the obligation can not be executed till after the event; in the latter, the obligation has its effect from the day on which it was contracted, but it can not be enforced until the event be known."
[2] C.C.P. art. 857.

"In pleading the performance or occurrence of suspensive conditions, it is sufficient to allege generally that all such conditions have been performed or have occurred. A denial of performance or occurrence shall be alleged specifically and with particularity."