SHORTESS, Judge.
This appeal arises from a suit to collect two demand promissory notes dated Janu *66 ary 23, 1975, made payable to Johnny J. Abraham (plaintiff) by Mike M. Sperandeo (defendant). These notes, one for the principal sum of $20,000.00 and the other for the principal sum of $10,000.00, were never honored or paid by defendant despite demand therefor. The trial court rendered judgment in favor of plaintiff and against defendant for $30,000.00, together with interest and attorney fees as provided in the notes. In written reasons, the trial court found that:
“Mr. Sperandeo has failed to show the existence of a suspensive condition and has failed to successfully rebut the presumption that the notes were given for consideration.”
Defendant perfected this appeal.
This litigation arose from the following facts: In 1968, plaintiff gave defendant $10,000.00 for a 25% interest in-defendant’s wholesale optical business. In 1969, plaintiff and defendant began a retail optical dispensary. Each party owned a 50% interest in the retail business. In late 1974 or early 1975, plaintiff asked defendant to purchase his interest in both businesses. An agreement was reached between the two whereby defendant agreed to buy plaintiff’s interest. On January 23, 1975, the two notes in question here were executed by defendant, along with two corresponding cash sale deeds.
Defendant argues that the trial court erred in concluding that consideration was given for the two notes and in finding that he failed to show the existence of a suspen-sive condition.
In a suit on a promissory note by a payee against the maker, the plaintiff will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the consideration. Once the maker has cast doubt upon the issue of consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Brashears v. Williams, 294 So.2d 246 (La.App. 1st Cir.1974).
Testimony reveals that the consideration given by plaintiff for the $10,000.00 note was his 50% interest in Optical Service Dispensory, Inc. (the retail business), and the consideration given for the $20,000.00 note was plaintiff’s 25% interest in Mike Sperandeo Optical, Inc. (the wholesale business). Upon receiving the notes, plaintiff relinquished all his interest in the businesses and released all claims he may have had against defendant and the corporations. Furthermore, defendant testified that the retail business began its collapse after Dr. Juanedd Berry, the associated opthamologist, suddenly left in March of 1975, some two or three months after the notes were executed. Defendant stated that at the time the notes were executed he felt both the businesses could succeed. Thus, defendant’s contention that plaintiff’s interest in the businesses was worthless at the time of the execution of the notes is unfounded. The decision of whether the notes were issued for proper consideration must ultimately rest on the credibility of the parties. The trial judge apparently felt that the testimony offered by defendant was not sufficient even to cast doubt upon whether consideration was given for the notes. In written reasons for judgment, the trial judge stated:
“Testimony taken at the trial of this matter shows that consideration was given for each of the notes.”
Sufficient evidence was offered by plaintiff to justify the trial judge’s conclusion, and we do not find that he was clearly wrong in this finding.
The trial judge was also correct in finding that defendant failed to prove the existence of a suspensive condition. The party relying upon a suspensive condition as a defense bears the burden of proving the existence of the condition. F.C. Williams Real Estate v. Haydel, 364 So.2d 171 (La.App. 1st Cir.1978).
No written agreement shows that the notes were conditional. The testimony of the parties as to the existence of a sus-pensive condition substantially differed. Defendant testified that he agreed to pay *67 the notes only if the businesses were successful after the lapse of five years. Plaintiff testified that the sole condition was that he would not attempt to collect on the notes for five years. He repeatedly stated that the obligation was not conditional upon the success of the businesses. There were no witnesses to their negotiations. However, John C. Perroneel testified that he overheard a conversation between them to the effect that the obligation to pay the notes was conditional upon the success of the businesses. Perroneel, a witness for defendant, was the dispensing optician in the retail outlet and is presently associated with defendant in business. He testified that the conversation took place at the retail establishment approximately two to three months after the notes and cash sale deeds were executed. In contrast, plaintiff testified that he never visited either business after the notes were executed, and that he never associated with defendant again. An assessment of credibility is crucial to the resolution of this dispute. As stated by the trial judge:
“The Court is of the opinion that the testimony of Mr. Abraham is the more plausible one.”
Appellate courts have the authority to review both law and fact in civil cases. However, the findings of fact made by the trial judge will not be disturbed on appeal absent a determination that those findings are manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). As stated by the Louisiana Supreme Court in Canter v. Koehring Company, 283 So.2d 716 (La.1973) and reiterated in Arceneaux v. Domingue, supra:
“When there is evidence before the trier of fact, which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” 283 So.2d at 724.
The trial judge found that defendant failed to prove the existence of a suspensive condition and failed to successfully rebut the presumption that the notes were given for consideration. We find no manifest error in either of these findings. Therefore, the judgment of the trial court is affirmed at defendant’s costs.
AFFIRMED.