## STATE OF FLORIDA v. MacGREGOR
### Case No. 82-7684-TT-A-43
County Court, Monroe County
January 4, 1983

Kirk C. Zueleh, State Attorney, Jonathan G. Ellsworth, Assistant State Attorney, for plaintiff.

Curtis J. Herbert, for defendant.

J. ALLISON DeFOOR II, County Judge.

## FACTS

The defendant was arrested on November 20, 1982 for the offense of driving while under the influence of intoxicating beverages, FS 316.193. At the station the defendant was directed to take a breathalyzer test to determine the alcoholic content of his blood. The defendant insisted that he be given his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966) and was given them. The defendant stated that he wished to call his attorney, and was told that he didn't have that right. Subsequently he proceeded to comply with the officer's insistence upon taking the test, which revealed a level of alcohol in excess of that allowed by law. The defendant moved to suppress the results of the test on United States and Florida constitutional grounds.

## ISSUES

1) Is F.S. 316.1932(1)(a) unconstitutional in allowing the defendant's refusal to take the test to be used against him and therefore coercive of the defendant's consent to submitting to the test?

2) Was the failure of the law enforcement officer to comply with the defendant's request for counsel violative of his rights under United States Constitution, Amendment VI and XIV and Florida Constitution Article 1 Section 9 (1968) as embodied in *Miranda v. Arizona* 384 U.S. 436 (1966).

## RULING

There are certain things in the law that just don't "seem" right when first encountered. What lawyer cannot recall his amazement as a law student to find that the state and federal governments could both try and punish a man for the same crime under the separate sovereign doctrine, so violative of a lay understanding of the Fifth Amendment? More to the point, how strange it sounded in law school to learn that a criminal defendant could be compelled to provide for the State's use against him, fingerprints, blood-samples, hand-writing samples, or more shockingly, voice exemplars, without running afoul of the constitution. *See Schmerber v. California*, 384 U.S. 757 (1967).

In a case involving voice exemplars, Justice Traynor of the California Supreme Court addressed the notion that a criminal defendant is never required to cooperate with police:

> ". . . Criminal proceedings are replete with instances where at least passive cooperation of an accused may be constitutional required." [1]

In the *Schmerber* opinion, the Supreme Court stated the distinction thus:

"The distinction which has emerged often expressed in different ways is that the privilege is a bar against compelling "communications" or "testimony", but that compulsion which makes a suspect or accused the source of "real or physical evidence" does not violate it."[2]

In analyzing the constitutionality of F.S. 316.1932(1)(a) and whether compliance with the implied consent provisions of F.S. 316.193 are therefore coerced, the Court resists the temptation to analyze the levels

---

[1]*People v. Ellis*, 65 Cal 2d 529, at 538, 421 P 2d 393, at 398, 55 Cal Rptr 385, at 390 (1966)

[2]384 U.S. at 764, 86 S. ct. at __, 16 LEd. 2d at 916.

of meaning to be found in the cryptic footnote 9 of *Schmerber, supra,* set out in full below.[3] Rather the Court looks to its progeny.

After *Schmerber,* it has become well secured in the law that a defendant may be compelled to provide to the State certain types of non-testimonial evidence, and to submit to certain tests for the presence of such evidence. *See Gilbert v. California,* 388 U.S. 263 (1967); *United States v. Wade,* 388 U.S. 218 (1967); *Schmerber v. California, supra*; *Holt v. United States,* 218 U.S. 245 (1910). It is conceded by the cases most favorable to the defense that breathalyzer results, properly administered, fall within this class and are not protected by the right against self-incrimination. *Gay v. City of Orlando,* 202 So.2d 896 at 898 (Fla. 4th DCA 1967).

It is equally settled in Florida law that the refusal to take other such tests is admissible against the defendant. *Clark v. State,* 379 So.2d 97 (Fla. 1980) (defendant's refusal to provide Court ordered voice exemplar admitted into evidence, at 102); *Lusk v. State,* 367 So.2d 1089 (Fla. 3rd DCA 1979) (Defendant's refusal to provide voice examplar admissible before jury, at 1089); *accord Joseph v. State,* 316 So.2d 585 (Fla. 4th DCA 1975); *Espert v. State,* 316 So.2d 416 (Fla. 2d DCA 1969) (refusal to take nitrate test for presence of gunpowder held admissible, at 419). *Cf. Smith v. State,* 394 So.2d 407 (Fla. 1981) (unexplained possession of recently stolen goods permits factual inference of guilt, at 407).

The theory of admissibility is that these actions reflect like flight or concealment of evidence, guilty knowledge.

---

[3] "This conclusion would not necessarily govern had the State tried to show that the accused had incriminated himself when told that he would have to be tested. Such incriminating evidence may be an unavoidable by-product of the compulsion to take the test; especially for an individual who fears the extraction or opposes it on religious grounds. If it wishes to compel persons to submit to such attempts to discover evidence, the State may have to forego the advantage of any testimonial products of administering the test-products which would fall within the privilege. Indeed, there may be circumstances in which the pain, danger, or severity of an operation would almost inevitably cause a person to prefer confession to undergoing the 'search', and nothing we say today should be taken as establishing the permissibility of compulsion in that case. But no such situation is presented in this case. Petitioner has raised a similar issue in this case, in connection with a police request that he submit to a 'breathalyzer' test of air expelled from his lungs for alcohol content. He refused the request, and evidence of his refusal was admitted in evidence without objection. He argues that the introduction of this evidence and a comment by the prosecutor in closing argument upon his refusal is ground for reversal under *Griffin v. California.* We think general Fifth Amendment principles, rather than the particular holding of *Griffin,* would be applicable in these circumstances. *See Miranda v. Arizona.* Since trial here was conducted after our decision in *Malloy v. Hogan,* . . . making those principes applicable to the States, we think petitioner's contention is foreclosed by his failure to object on this ground to the prosecutor's question and statements." 384 U.S. at 765 n.9, 86 S. Ct.-, 16 Ed.2d at 916.

There is no difference which this Court can perceive between refusal to provide a breath sample, and refusal to provide the physical samples in the *Clark*, *Lusk*, *Joseph* and *Esperti* cases, *supra*. The only[4] difference found in Florida law between the analogous tests is the holding of the Supreme Court of Florida in *State v. Sambrine*, 386 So.2d 546 (Fla. 1980). Although the case concerns a defendant's refusal to submit to a blood test, and not a breath test[5] the case is cited for the proposition that the only sanction for refusal to submit to a chemical test for the determination of alcohol blood content is the administrative sanction of suspension of driving privileges *Sambrine*, at 548-549.[6] However, it is equally clear that the *Sambrine* decision turns almost exclusively on perceived legislative intent.[7] This being the case, the legislature has surely clarified its intent by the adoption in the 1982 legislature of FS 316.1932(1)(a), providing: "Refusal to submit to a breath test or urine test upon request of a law enforcement officer. . . shall be admissible into evidence in any criminal proceeding."

This statute would seem to undercut *Sambrine* as applied to breath tests, and place the refusal to submit to breath tests on at least the same

---

[4]The case of *Gay v. City of Orlando*, 220 So.2d 896 (Fla. 4th DCA 1967), so often cited by the defense in supporting inadmissibility of a defendant's refusal to submit to the breath test is unpursuasive. First it arose prior to the adaption of F.S. 316.193 the implied consent law, in 1969. Further it is factually distinguishable; the defendant was offered the choice of submissiion or self-incrimination *id* at 898.

The prosecution's favorite case, holding refusals squarely admissible, *State v. Duke*, 378 So.2d 96 (Fla. 2nd DCA 1979) has been receeded from on the basis of the *Sambrine* decision. *State v. Duchsworth*, 408 So.2d 589 (Fla. 2d DCA 1981).

[5]Thus the language is dicta in the context of a breath test. *See* J. Hauser, *Admissibility of Refusal to Submit to Blood Alcohol Test*, N. 75, 6 Nova L.J. 209 (1982) (hereinafter cited as *Admissibility*).

[6]The language of the opinion has been strong critized. *See Admissibility* note 5 supra, at 228-230.

[7]"The argument that this interpretation of the 'implied consent law' would effectively do away with the concept of implied consent as constitutionally delineated by the Federal Constitution and *Schmerber* is a matter that is better addressed to the legislature than this Court. Apparently, the Florida legislature has decided that a sufficient penalty for revoking one's implied consent is three months suspension of driving privilege. (It should be noted that this law when originally enacted as Chapter 67-279, Laws of Florida, carried a six-month suspension.)

It is a matter peculiarly within the legislative sphere to establish penalty provisions for noncompliance with substantive law. The legislature may have concluded that it was preferable to enforce the implied consent law through this method than physically restrain every individual who refused to submit to the test. (emphasis supplied) 986 So.2d at 549.

par as other tests, noted *supra,* and even stronger due to the specific statutory admissibility. Accordingly, the Court holds the evidence of a defendant's refusal to be admissible, and non-coercive, and the refusal non-testimonial, in nature. Further the Court finds no factual evidence of coercion here.

The Court is encouraged in its holding by two factors. First, the majority of states considering the issue have so held.[8]

Secondly, strong public policy consideration support this holding. The "compelling state interest in Highway safety" attributed to the legislature by Florida's Supreme Court in *State v. Bender,* 382 So.2d 697, at 699 (Fla. 1980) (upholding Florida's Implied Consent Statute), has if anything become more compelling in the intervening two years. A nationwide revulsion at the spectacle and cost to our society, in economic and human terms, of the drunk driver, have found fruition in Florida. The provisions of F.S. 316.1932(1)(a) are but a part of a tough new DWI Statute, F.S. 316.1932 *et seq.,* which has counterparts across the land.

The legislature is reflecting a law clear desire of the people to identify and remove from the highways drunk drivers. F.S. 316.1932(1)(a) is a part of that effort.

Point Two

Once it is resolved that the statute is constitutional, and hence not coercive of the defendant's submission to it, the issue remains of his request for counsel prior to taking the test, and its effects. Once seen as non-testimonial in nature, the test or refusal are not affected by failure to allow defendant time to call counsel.

The right to counsel attaches only at a "critical stage" of the investigation. In the landmark case *United States v. Wade,* 388 U.S. 218 (1967) and *Gilbert v. California,* 388 U.S. 263 (1967), the Supreme Court held that while a line-up was non-testimonial, the right to counsel attached. This was due to the special circumstances arising from the grave potential for prejudice, and the dispositive nature of such an identification. Generally, scientific analysis, such as breath analysis, is not held to be a critical stage. *United States v. Wade,* 388 U.S. 218 (1967), and accordingly the right to counsel does not attach. There being no right to counsel, prior to or during a breathalyzer analysis, or any comparable test, its denial if any, is a nullity. *State v. Oliver,* #76-140, 15th Jud. Cir., 45 Fla. Supp. 92 (1977).

Therefore, defendant's Motion to Suppress is hereby and the same be DENIED.

---

[8]*Admissibility,* note 5 supra, at nn 33 and 50.