# STATE OF FLORIDA v. BRUCE

Case No. TO83-99162 and TO83-99163

County Court, Orange County

May 16, 1984

### APPEARANCES OF COUNSEL

**Hernan Castro,** Assistant State Attorney, for plaintiff.
**Linda Gloeckner** for defendant.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

THIS CAUSE was argued before this Court on May 7, 1984.

## *FACTS*

On November 12, 1983, the Defendant was driving an automobile

which became involved in an accident. The Defendant was taken to a hospital where he was asked by Trooper Lucas to submit to a blood alcohol test. The Defendant was given his implied consent warnings. He was also told that if he did not submit to the test he would be arrested, but if he did agree to take the test he would not be arrested unless his blood alcohol level exceeded .10%. Trooper Lucas informed the Defendant that if he were arrested he would be transported to jail, but only if in a doctor's opinion he was well enough to be moved.

When Defendant's blood alcohol was analyzed it was discovered that he had a blood alcohol level of .14%. The Defendant was then arrested on December 22, 1983, for DUI[1] and UBAL[2]

Defendant challenges the blood alcohol result on two grounds:

1. At the time the Defendant gave his blood for the blood alcohol test he was not under arrest and therefore the results are inadmissible.

2. The Defendant was impermissibly coerced to give his blood sample by being told that if he refused he would be arrested immediately, but that if he gave he would not be arrested unless the results indicated a blood alcohol level exceeding .10%.

**(1) IN ORDER FOR A BLOOD TEST TO BE ADMISSABLE, IT IS NOT NECESSARY THAT THE DEFENDANT BE UNDER ARREST AT THE TIME THE BLOOD WAS GIVEN.**

The 5th DCA has twice ruled that a blood test is admissable even though the Defendant was not placed under arrest at the time the test was given *Pardo v. State,* 429 So.2d 1313 (Fla. 5th DCA 1983); *State v. Williams,* 417 So.2d 755 (Fla. 5th DCA 1983). The 5th DCA correctly recognized that the seizure of blood to measure it for alcohol content is not constitutionally protected by the IV, V or XIV amendments. *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 LE2d 908 (1966). Counsel for defense correctly points out that a Defendant must be placed under arrest by Fla.Stat. 316.1932(1)(a); but there is no such requirements for a blood test. See Fla.Stat. 316.1932(1)(c).

Therefore, Defendant's Motion as to this ground is denied.

**(2) THE FACT DEFENDANT WAS MENTALLY COERCED TO TAKE A BLOOD TEST DOES NOT MAKE IT INADMISSABLE.**

The Defendant concedes he was not physically forced to give blood,

---

[1] Driving while under the influence of alcohol to the extent his normal facilities were impaired.

[2] Driving with an unlawful blood alcohol level.

for if he were it would be suppressable. *Sambrine v. State,* 386 So.2d 546 (Fla. 1980). The Defendant claims he was mentally coerced to give his blood by the threat that he would be arrested and taken to jail if he did not. However, this is not grounds for suppressing the blood test. See *Grant v. Brown,* 429 So.2d 1229 (Fla. 5th DCA 1983); *Pardo v. State,* 429 So.2d 1313 (Fla. 5th DCA 1983); *State v. Williams,* 417 So.2d 755 (Fla. 5th DCA 1982). In each of these cases the 5th DCA expressed greater concern with whether the blood alcohol test was accurate as opposed to whether the requirements of Fla.Stat. 322.261 were complied with. For example in *Padro v. State,* the Defendant was never given his implied consent rights (he was not told that if he refused to take the test his license would be suspended). Nevertheless because the Defendant consented to take the blood alcohol test, the results were held admissable.

Further, a Defendant who drives on Florida's highways impliedly consents to permit his blood to be tested for alcohol content. 316.1932(1)(c). He may choose to withdraw his consent, but if he does so he loses his privilege to drive. Fla.Stat. 322.261(1). The Defendant has neither a constitutional nor statutory "right" to refuse a blood test. So long as he is not physically forced to withdraw his consent, the tests results are admissable. Hauser, *Admissability of Refusal to Submit to a Blood Alcohol Test,* 6 Nova Law Review #2, (1982), pgs. 219–230, (1982).

Defendant's second grounds for suppression must therefore also be denied.