# STATE OF FLORIDA v. CRAFT, etc., et al. (Consolidated)

## Case No. 84-3755-E

Seventh Judicial Circuit, Volusia County

August 15, 1985

### APPEARANCES OF COUNSEL

**Michael H. Lambert** and **Eric A. Latinsky** for appellees.

**John V. Doyle**, Assistant State Attorney, for appellant.

Before C. MeFerrin Smith, III, Circuit Judge.

### OPINION OF THE COURT

This consolidated cause is before the Court on direct appeal from an Order of the County Court dated September 10, 1984 which granted

defense Motions to Suppress the results of breathalyzer tests. The trial court's order is clear on its face, and the only issue for this court on appeal is whether the trial court's reasoning is correct.

The trial court placed great reliance on *Duckworth v. State*, 408 So.2d 589 (Fla. 2d DCA 1982) and *State v. Williams*, 417 So.2d 755 (Fla. 5th DCA 1982) to find that the warning given by Daytona Beach Police Officers to the various defendants was misleading, improper, and wrong, and in violation of statutory rights granted by the Florida Legislature. Further, the trial court predicted that neither the United States Supreme Court nor the Fifth District Court of Appeal would condone the taking of evidence from a person's body under these misleading circumstances. The learned trial judge has too little confidence in the 5th DCA.

In *Sambrine v. State*, 386 So.2d 546 (Fla. 1980), the Supreme Court unfortunately announced dicta that a person has the "right" to refuse a breathalyzer. The 2nd DCA in *Ducksworth*, supra, compounded the problem by accepting the *Sambrine* dicta as the Supreme Court's holding and receding from its previous holding in *State v. Duke*, 378 So.2d 96 (Fla. 2d DCA 1979).

Florida Statute 316.1932 requires motorists in Florida to take an approved chemical test under specified circumstances. Specific penalties are provided for those who refuse. (The only "right to refuse" in F.S. 316.1932 relates to the prearrest breath test.) It is inconceivable that the Supreme Court in *Sambrine* meant to make a "right" out of that which the statute specifically punishes. Phrased differently, it would be paradoxical and probably unconstitutional for the legislature to punish that which a person has a "right" to do. If a person has a "right" to violate the laws of the State of Florida, the trial court is correct that a person has the right to refuse to submit to the breathalyzer. Otherwise, the trial court has simply extended the illogic of *Ducksworth*.

But for the 2nd DCA's timid retreat from *Duke* in its *Ducksworth* opinion, this issue would not be with us. However, until the 5th DCA or the Supreme Court contradicts the 2nd DCA, the trial courts of the state are bound to follow *Ducksworth*. *State v. Hayes*, 333 So.2d 51 (Fla. 4th DCA 1976), *Stanfill v. State*, 384 So.2d 141 (Fla. 1980), *Dillon v. Chapman*, 404 So.2d 354 (Fla. 5th DCA 1981), *Chapman v. Pinellas County*, 423 So.2d 578 (Fla.2d DCA 1982), *Industrial Fire and Casualty Company v. Acquesta*, 448 So.2d 1122 (Fla. 4th DCA 1984), *Weiman v. McHaffie*, 448 So.2d 1127 (Fla. 1st DCA 1984).

Accordingly, the trial court's order of September 10, 1984 is hereby AFFIRMED and the causes are REMANDED to the trial court for further proceedings.