# STATE v PASKALIC

## Case Nos. 87-65021 TT A02 and 87-65024 TT A02

County Court, Palm Beach County, Florida

October 23, 1987

### APPEARANCES OF COUNSEL

**Irene Lapidus,** Certified Legal Intern, State Attorney's Office, for plaintiff.

**Richard W. Springer** for defendant.

**79**

## OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS CASE WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress evidence of the Defendant's breath test results, and the Court, having heard testimony of witnesses and argument of COunsel, hereby denies the motion.

The facts of the case, which are not in dispute, are that the Defendant was requested to take a breath test without first being advised regarding the "Implied Consent" law. He thereafter agreed to take the test. Two tests were given, with the second test given five minutes after first test, as timed by a digital watch not containing a "second" function. The Deputy who administered the test conceded that, without this "second" function, she cannot say whether this test was actually given within five minutes or five minutes and 59 seconds (or anything in between).

The Defendant asserts, therefore, that the operation of the breathalyzer was not in substantial compliance with various regulations of HRS, as mandated by F.S. 316.1932(b)(1), which inter alia, require the tests to be given within five minutes of one another. The five minute requirement is found in the "Note" on HRS form 1031 which states:

"The two (2) breath tests shall be run no more than five minutes (5) apart and the two results are acceptable if within + or −0.02%. If more than 0.02% difference, a third (3) test or a blood test should be given. . . ."

In the case of *State v. Humphries,* 25 Fla.Supp.2d — (Palm Beach County Ct. 1987), the Court ruled previously that the "Note" on the bottom of HRS form 1031 was a rule with which there must be substantial compliance.

This Court, in the case of *State v. Hill,* 26 Fla.Supp. 2d — (Palm Beach County Ct. 1987), previously held that the standard to be applied, regarding whether there was substantial compliance, is whether the alleged violation prejudiced the Defendant by raising a legitimate question regarding the authenticity or scientific reliability of the test results. This standard is in consonance with the recent Third DCA case of *Gargone v. State,* 503 So.2d 2d 421 (3d DCA 1987).

Two expert witnesses, having equivalent qualifications, testified in the Suppression hearing, Deputy Karmelin for the State, Mr. Szymanski for the Defendant. Both witnesses testified that the reason two tests are required is to assure that the testing instrument was operating properly. The test results must be within .02% of each other to be considered

valid. The reason five minutes was chosen as the proper interval was to eliminate the effects of further absorption or elimination as factors in any difference between the test results.

Deputy Karmelin testified that if the second test was given within six minutes, rather than five minutes, the delay would have an insignificant effect on the test results. He testified that since the average person metabolizes alcohol at a rate of .016% per hour, that person would metabolize only .0002% per minute. Karmelin stated that this amount could not even be registered on the breath machine because the instrument can, at best, read to three decimal places.

Although Mr. Szymanski disagreed with Deputy Karmelin's conclusion regarding the significance of the possible 59 second delay, he was not able to show that Karmelin's calculations were incorrect. Mr. Szymanski testified that if the test readings were over .20%, and the two readings differed by the maximum allowable differential, .02%, the extra minute might make a malfunctioning machine appear to be accurate (accurate meaning that the test results were within .02% of one another).

The Court is not convinced by the Defendant's argument. Assuming the worse case scenario, that the second test was given 5 minutes and 59 seconds from the first test, the difference between the Defendant's actual blood/alcohol level at the time of the second test, from what it would actually have been at five minutes, would be .0002%. This is an amount that could not even be registered on the breath machine used in the Defendant's case. That being the case it cannot be said to raise a legitimate question regarding the scientific reliability of the test results.

The Defendant further asserts that since he was not warned regarding the "Implied Consent" law prior to taking the test, the test should be suppressed. However, the appellate Courts have consistently ruled otherwise. *Sambrine v. State,* 386 So.2d 546 (Fla. 1980); *Pardo v. State,* 429 So.2d 1313 (5th DCA 1983).

DONE AND ORDERED, this 23rd day of October, 1987 at West Palm Beach, Florida.