WARNER, J.
In a prosecution for driving under the influence, the county court suppressed the results of a blood test conducted upon appellee without her consent on the ground it violated section 316.1933, Florida Statutes (2000). The court certified the following question at the request of the state:
In light of Bernie v. State, 524 So.2d 988 (Fla.1988), which holds that Florida is prohibited from giving greater protections than those contained within the Fourth Amendment to the United States Constitution, has the Third District Court of Appeal, in State v. Slaney, 653 So.2d 422 (Fla. 3d DCA 1995), misinterpreted the Implied Consent Law Scheme[1] in violation of Article I, Section 12, Florida Constitution (1982), by hold *138 ing that it gives greater protection from unreasonable searches and seizures than those found by the United States Supreme Court in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)?
We answer the certified question in the negative, agreeing with Slaney.
After an automobile accident in which appellee had a bleeding laceration on her forehead and the occupants of the other vehicle complained of neck and back pain, appellee was taken to the hospital for treatment. While there, the investigating police officer asked appellee to consent to a blood alcohol test. Appellee refused, and the officer ordered a forced blood test because he believed serious injury was involved. Appellee was arrested for driving under the influence.
Appellee moved to suppress the blood test because it was taken in violation of section 316.1933. That section permits an officer to require a suspect to submit to a blood test where the officer has probable cause to believe that a motor vehicle driven by a person under the influence of alcoholic beverages has caused death or serious bodily injury. While the parties stipulated for the purpose of the hearing that the officer had probable cause to believe that appellee was driving under the influence, the court concluded that he did not have probable cause to believe that death or serious bodily injury had resulted. Therefore, failure to comply with the statutory requirements necessitated suppression of the blood test.
The trial court relied on State v. Slaney, 653 So.2d 422 (Fla. 3d DCA 1995). The state argues that Slaney failed to give effect to article I, section 12 of the Florida Constitution, which requires the state constitutional right of the people to be secure against unreasonable searches and seizures to be construed in conformity with the Fourth Amendment to the United States Constitution. ■ We disagree and adopt the analysis of the third district:
The law is well settled that it is not an unreasonable search within the meaning of the Fourth Amendment to the United States Constitution, as made enforceable against the states under the Due Process clause of the Fourteenth Amendment, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), for police to obtain a warrantless involuntary blood sample from a defendant who is under arrest for DUI provided (1) there is probable cause to arrest the defendant for that offense, and (2) the blood is extracted in a reasonable manner by medical personnel pursuant to medically approved procedures. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). It is equally well settled, however, that the states are privileged under their state law to adopt higher, but not lower, standards for police conduct than those required by the Fourth Amendment. Cooper v. California, 386 U.S. 58, 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967) (state constitutional provision on search and seizure); Sibron v. New York, 392 U.S. 40, 61, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968) (state statute). In Florida, these higher standards may not, as a matter of state law, be imposed under the state constitutional guarantee against unreasonable searches and seizures, Art. I, § 12, Fla. Const. (1982 amendments); Bernie v. State, 524 So.2d 988 (Fla.1988), but may be imposed by other provisions of Florida law, including a state statute. Compare Shaktman v. State, 553 So.2d 148 (Fla.1989) (pen registers regulated under Article I, section 23 of the Florida Constitution) with Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 *139 (1979) (pen registers; Fourth Amendment).
Indeed, it is the established law of this state that Florida’s implied consent statutes [§§ 316.1932, 316.1933, 316.1934, Fla. Stat. (1991) ] impose, in certain respects, higher standards on police conduct in obtaining breath, urine, and blood samples from a defendant in a DUI case than those required by the Fourth Amendment. The Florida Supreme Court in Sambrine v. State, 386 So.2d 546, 548 (Fla.1980), has so stated:
“What is at issue here ... is ... the right of the state of Florida to extend to its citizenry protections against unreasonable searches and seizures greater than those afforded by the federal constitution [through the Fourth Amendment]. This it has done through the enactment of section 322.261, Florida Statutes (1975) [now sections 316.1932, 316.1933, Florida Statutes (1991) ].”
As further stated by the Fifth District Court of Appeal in State v. McInnis, 581 So.2d 1370, 1374 (Fla. 5th DCA), cause dismissed, 584 So.2d 998 (Fla.1991),
“One public policy reason for enacting such a statutory scheme [Florida’s implied consent statutes] is the legislature’s decision to extend to some motorists driving in Florida greater protection and rights of privacy than are provided by the state or federal constitutions.”
In particular, Florida’s implied consent statutes (1) limit the power of the police to require a person who is lawfully arrested for DUI to give samples of his/her breath, urine, or blood without the person’s consent, and (2) prescribe the exact methods by which such samples may be taken and tested. These limitations and prescribed procedures represent higher standards for police conduct in obtaining samples of this nature from a DUI defendant than those required by the Fourth Amendment and are entirely permissible as a matter of state law. Cooper; Sibron.
Slaney, 653 So.2d at 425.
The state contends that Slaney’s reliance on Sambrine v. State, 386 So.2d 546 (Fla.1980), is misplaced because it was decided prior to the adoption of article I, section 12. We disagree. As Slaney pointed out, the United States Supreme Court itself has held that a state may choose to impose higher standards than required by the federal constitution. See Cooper, 386 U.S. at 62, 87 S.Ct. 788. Article I, section 12, was adopted to prevent the state constitutional search and seizure provision from being interpreted any different than the United States Supreme Court interpreted the federal constitutional search and seizure provision. It did not limit the legislature from requiring that involuntary blood tests be conducted in conformity with statutory protocol.
Article I, section 12 of the Florida Constitution provides that the right to be free from unreasonable searches and seizures “shall be construed” as the Fourth Amendment is interpreted by the United States Supreme Court. As between courts and legislatures, only courts construe constitutions. Accordingly, the limiting language in article I, section 12 does not prohibit the legislature from passing statutes which give Florida citizens greater protections than the Fourth Amendment.
We therefore approve the decision of the trial court.
FARMER and KLEIN, JJ., concur.

. "F.S. 316.1932, F.S. 316.1933, F.S. 316.1934, (2000).”