TORPY, J.,
concurring in part and dissenting in part.
I agree with much of what my colleagues have said. Were I reviewing this case against a pristine precedential backdrop, I would probably concur. Nevertheless, I am constrained to dissent to that portion of the opinion that addresses the effect of the implied consent statute, section 316.1932, Florida Statutes, in light of our high court’s precedent in Sambrine v. State, 386 So.2d 546 (Fla.1980).[5] There, the court said that the implied consent law “leads to the inescapable conclusion that a person is given the right to refuse testing.” Id. at 548. Based on this construction, it rejected the state’s contention that the statute is inapplicable “where the blood test is taken incidental to a lawful arrest and where there is probable cause to take a blood test coupled with exigent circumstances.” Id. The distinction that the majority makes — that the search here was conducted pursuant to a warrant — is an inconsequential one. The holding in Sam-brine is that the implied consent statute confers upon drivers in Florida greater protection against forced blood draws than that conferred by the constitutional prohibition against unreasonable searches. Simply stated, Sambrine holds that drivers have the right to refuse a blood draw even when the police are constitutionally authorized to forcibly take one. The warrant/warrantless distinction is only important in a Fourth Amendment analysis of what is reasonable. Whether or not police are authorized by warrant, or an exception to the warrant requirement, is immaterial to the issue of whether a citizen enjoys a statutory privilege to refuse a forced blood draw.
Contrary to the majority’s assertion, a statutory construction analysis does not support its conclusion. The search warrant statute is a statute of general application. The implied consent statute is a statute of specific application. It is a fundamental statutory construction tenet that the specific controls over the general in seemingly conflicting statutes. Adams v. Culver, 111 So.2d 665, 667 (Fla.1959). If, as our supreme court has stated, the implied consent statute confers upon citizens the right to refuse a blood draw (except under circumstances enumerated in that statute, not applicable here), the general search warrant statute does not trump that right. Surely, had the implied consent statute conferred the right to refuse in express terms, the majority would give effect to the specific legislative directive, notwithstanding the general authorization to issue warrants. Here, though the language of the statute might not be explicit, *652 any uncertainty about its intent was resolved over thirty years ago by judicial interpretation — an interpretation that the legislature has had numerous opportunities to reject in its numerous amendments to the statute. See Zommer v. State, 31 So.3d 733, 754 (Fla.2010) (legislature is presumed to know judicial constructions of a law and presumed to have adopted those constructions when amending that law unless contrary intention expressed when amending that law).
I do agree that blood is not the “means” by which the crime of DUI is committed. Therefore, as the majority concludes, the search warrant statute is not broad enough to authorize a warrant when misdemeanor DUI is the crime under investigation. I also agree that reversal is proper here based on the good faith exception to the exclusionary rule. The police acted in good faith: they did not mislead the issuing judge, nor omit material facts in the warrant application. The subsequent debate about the legal niceties of whether the warrant was authorized is one for judges, not police officers. That is why judges must review and approve warrant applications. To exclude the evidence under these circumstances serves no deterrent purpose. See Herring v. United States, 555 U.S. 135, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009) (“To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it.... [Exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence.”). Accordingly, I concur in the result.

. The State did not address Sambrine in its written submissions, despite reliance upon it by both the trial court and Appellee.