TORPY, J.,
concurring and dissenting.
I concur that we should certify a question in this case. I do not agree with the narrow question proffered by the State and adopted by the majority. In my view, this case is controlled by Sambrine v. State, 386 So.2d 546 (Fla.1980). There, our high court suppressed blood taken by force, concluding that the implied consent law “leads to the inescapable conclusion that a person is given the right to refuse testing.” Id. at 548. In Sambrine, the search was warrantless. The threshold question here should be whether the use of a warrant to force a blood draw makes a difference. As I stated in my dissent, it doesn’t. Police do not need a warrant to take blood by force if there is probable cause to believe it is evidence of a crime. Sambrine did not turn on the absence of a warrant; it was based entirely on the Court’s conclusion that the implied consent statute established a statutory privilege to refuse a blood draw, even when police are *653 acting within the limits of the Fourth Amendment. The presence or absence of a warrant has no bearing on the scope of this statutory privilege. The question I would certify is as follows:
Is the right to refuse a forced blood draw under the implied consent law, as recognized in Sambrine v. State, viable when the blood draw is authorized by warrant? If not, may a warrant issue to seize blood when the police only have probable cause that a misdemeanor has been committed?
I am appreciative of the State’s motive in presenting a narrow question, any answer to which leaves it in no worse position. Nevertheless, only an answer to the broader question will put an end to judicial labor on this topic.