408 So.2d 647 (1981)
STATE of Florida, Appellant,
v.
Joseph GUNN, Appellee.
No. 81-321.
District Court of Appeal of Florida, Fourth District.
December 23, 1981.
Rehearing Denied February 5, 1982.
*648 Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Jon May, Asst. Public Defender, West Palm Beach, for appellee.
OWEN, WILLIAM C., Jr.
Appellant, upon being arrested for driving while intoxicated, submitted without objection to a breathalyzer test. The trial court granted his motion to suppress the result of that test because the arresting officer, before giving the test, did not advise appellant that his failure to submit to the test would result in a suspension of his privilege to operate a motor vehicle for a period of three months. We reverse.
Without question, both the statute, Section 322.261(1)(a), Florida Statutes (1979),[1] and the supreme court decision construing the statute, Sambrine v. State, 386 So.2d 546 (Fla. 1980) state that the driver of an automobile, who is statutorily required to take the chemical test, shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of three months. Neither the statute nor the Sambrine opinion elaborates on this requirement. Indeed, the statutory language is reasonably susceptible of the construction that the cautionary warning need be given only if the driver should indicate his intention to refuse to submit to the test. Nonetheless, for the purpose of our decision here, we assume that a driver required by the statute to submit to a chemical test must be informed, prior to the test being administered, of the consequence of his refusal to submit to the test even though the driver has given no indication of a refusal. The question is simply one of determining the appropriate sanction to be imposed on the state when the driver submits to the chemical test without being so informed.
In Sambrine v. State, supra, the court held that the results of a blood-alcohol *649 test were inadmissible when the test was administered despite the driver's refusal to submit to the test. However, we find nothing in the Sambrine opinion which would preclude the conclusion that chemical test results are admissible where the driver does not affirmatively withdraw his consent, even though the driver is not first informed of the consequence of his refusal to submit to the test. Granted, the statute gives the driver the right to refuse testing. Likewise, it provides a definite sanction for refusal, as well as a detailed procedure for the enforcement of such sanction. Taken as a whole, the statute manifests a legislative intent that a failure to inform a driver of the consequence of refusing to submit to testing will simply afford the driver an escape from suspension of driving privileges, should he, in fact, face such suspension by virtue of having refused testing.
We find no legislative intent to impose a further sanction on the state by excluding as evidence the results of a chemical test administered to a driver (who has not affirmatively revoked the statutory consent) merely because of his not being informed, prior to testing, of the consequences should testing be refused.
The order of the trial court suppressing the result of the breathalyzer test is reversed.
HERSEY, J., concurs.
HURLEY, J., dissents with opinion.
HURLEY, Judge, dissenting.
As a preface to this dissent, I acknowledge that I can discern little wisdom in the present statutory scheme which permits individuals charged with crimes as serious as vehicular homicide to withhold vital non-testimonial evidence, viz., the results of blood or breathalyzer tests. The mounting carnage on our highways, coupled with the practical difficulty of proving intoxication without the aid of blood or breathalyzer tests, suggest an urgent need for the Legislature to reconsider the desirability of a statutory privilege to withhold non-testimonial evidence of impairment or intoxication. In my view, the right to refuse testing can no longer be justified in light of its terrible cost to society.
Nonetheless, the ability to grant a statutory privilege is a matter peculiarly within the legislative sphere. Sambrine v. State, 386 So.2d 546, 549 (Fla. 1980). Therefore, any change must come from the Legislature. Until the legislative branch instructs otherwise, courts must diligently enforce the statute as drawn.
"Any careful reading of section 322.261 leads to the inescapable conclusion that a person is given the right to refuse testing." Sambrine v. State, supra, at 548. Moreover, the section provides that a driver "shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 3 months." Section 322.261(1)(a), Florida Statutes (1979) (emphasis supplied).
I cannot agree with the majority that "the statutory language is reasonably susceptible of the construction that the cautionary warning need be given only if the driver should indicate his intention to refuse to submit to the test." At 648. In my view, the requirement to warn is a necessary predicate to the right to refuse. The warning, albeit obliquely phrased,[2] indicates that the driver has a choice: he may submit to the test or he may refuse and suffer the loss of his license for a three month period. In either event, the driver is entitled to know his options before being forced to choose. To hold otherwise is to suggest that the Legislature created a right to refuse testing and, at the same time, devised a capricious scheme to induce unknowing waiver of the right.
In the case at bar, the statutory warning was not given to Joseph Gunn. Uninformed *650 of his right to refuse, he submitted to the breathalyzer test. This case, therefore, poses the question whether suppression of the test results is the appropriate sanction for a police officer's failure to follow the mandate of the statute. The majority answers in the negative on the theory that it can "find no legislative intent to impose ... [such a] sanction." At 649. I respectfully disagree. Suppression is the only sanction consistent with the legislative intent which will ensure compliance with the statute.
The majority opinion eviscerates the statute; by refusing to punish a present violation it invites rampant police abuse in the future. The most untutored rookie can read this message between the lines: "You may disregard the statute with impunity. The worst that can happen is that the driver's license will not be suspended for the three month period; the best that can happen is that an uninformed driver will submit and provide conclusive evidence of criminal guilt." With everything to gain and nothing to lose, there is no question as to how the police will conduct themselves in the future. The majority has consigned the statutory warning to oblivion.
Just as "it is fundamental that a statute be construed in such a manner as to effectuate legislative intent," Department of Legal Affairs v. Rogers, 329 So.2d 257, 263 (Fla. 1976), so too must courts fashion evidentiary sanctions to discourage statutory violations. To permit a statute to be violated with impunity is to void the statute as effectively as if it were declared a nullity. This is the practical effect of the majority's holding and for this reason, I respectfully dissent.
NOTES
[1] Any person who shall accept the privilege extended by the laws of this state of operating a motor vehicle within this state shall by so operating such vehicle be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood if he is lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of alcoholic beverages. The test shall be incidental to a lawful arrest and administered at the request of a peace officer having reasonable cause to believe such person was driving a motor vehicle within this state while under the influence of alcoholic beverages. Such person shall be told that his failure to submit to such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of 3 months. (e.s.)
[2] Section 322.261(1)(a), Florida Statutes (1979), does not require "that a driver be informed of his right to refuse; he must merely be informed that his failure to submit to a chemical test will result in a three-month suspension." Sambrine v. State, 386 So.2d 546, 549 (Fla. 1980).