## STATE OF FLORIDA v MARTINEZ

Case No. 84-307 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

November 17, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, for appellant.

**Alan R. Soven** for appellee.

Before SALMON, KAYE, GREENBAUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

The issue in the case is whether the lower Court erred in granting a motion to suppress based on the failure of the State to adequately apprise the Appellee of his rights pursuant to Section 316.1932, Fla. Stat.

Fla. Stat. 316.1932, provides:

"Such person shall be told that his failure to submit to such a breath test or urine test, or both tests, will result in the suspension of his privilege to operate a motor vehicle for a period of six months, for a first refusal, or for a period of one year if the driving privilege of such person has been previously suspended as a result of a refusal to submit to such a test or tests."

It is undisputed that the arresting officer told the Appellee such information. There is no requirement under the statute that the Appellee be informed of his right to appeal or be informed of the suspension procedure in the event he refuses to take the test. *State v. Gunn*, 408 So.2d 647 (Fla. 4th DCA 1981).

We need not consider the other issues raised on appeal.

The Court finds that the lower Court erred in granting the motion to suppress and remands this cause to the lower Court for action consistent with this ruling.

Reversed and remanded.