COWART, Judge.
This is an appeal of an order issued by the County Court for Volusia County, Florida, granting defendant Hilton’s motion to suppress, which the county court has certified to be of great public importance. We have accepted jurisdiction pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(A) and 9.160.
The defendant was seriously injured in a single vehicle motorcycle accident. A Florida Highway Patrolman arrived at the scene of the accident and determined that the defendant had been the driver of the motorcycle involved. The defendant was transported to a hospital for treatment of his injuries. There, the highway patrolman spoke to the defendant and smelled alcohol on the defendant’s breath.[1] The highway patrolman then advised the defendant of Florida’s implied consent law (§ 316.1932, Fla.Stat.) and requested the attending nurse to obtain a blood sample from the defendant. According to the highway patrolman, the defendant indicated that he understood the implied consent law and stated “go ahead and take blood if you want to.”[2] The blood test indicated that the defendant had a blood alcohol level of .22.[3] The defendant was later charged with driving under the influence of alcoholic beverages, chemical substances, or controlled substances in violation of section 316.193, Florida Statutes, and with careless driving in violation of section 316.1925, Florida Statutes.
The defendant filed a motion to suppress the blood test evidence which was granted by the lower court on the ground that section 316.1932(l)(c), Florida Statutes, is unconstitutional. The court reasoned that section 316.1932(l)(c) lacks an express requirement of probable or reasonable cause that a defendant was driving or in the actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances before a blood test can be administered pursuant to that statute. The lower court also certified the following question as one of great public importance:
Is F.S. 316.1932(l)(c) unconstitutional as overbroad, vague and in contravention of the Fourth Amendment, to the U.S. Constitution because of insufficient guidelines to invoke the police authority to obtain blood samples?
It is well-established that the taking of blood for testing does not violate the fourth amendment protection against unreasonable search and seizure where there is probable cause to believe that the driver of a vehicle has been driving while under the influence of alcoholic beverages or controlled substances. E.g., Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Mitchell, 245 So.2d 618 (Fla.1971); State v. Williams, 417 So.2d 755 (Fla. 5th DCA 1982). The trial court was concerned that, in contrast to the express reasonable cause requirement in section 316.1932(1)(a) for the administration of a breath or urine test, section 316.1932(1)(c) contains no corresponding express reasonable cause requirement for the administration of a blood test.
Section 316.1932(l)(c) states in pertinent part:
(c) Any person whose consent is implied as provided in this section shall be deemed to have consented to an approved blood test for the purpose of determining the alcoholic content of the blood or a *700 blood test for the purpose of determining the presence of chemical substances or controlled substances as provided herein if such person appears for treatment at a hospital, clinic, or other medical facility as a result of his involvement as a driver in a motor vehicle accident and the administration of a breath or urine test is impractical or impossible. The blood test shall be performed in a reasonable manner. Any person who is incapable of refusal by reason of unconsciousness or other mental or physical condition shall be deemed not to have withdrawn his consent to such test. A blood test may be administered whether or not such person is told that his failure to submit to such a blood test will result in the suspension of his privilege to operate a motor vehicle upon the public highways of this state. Any person who is capable of refusal shall be told that his failure to submit to such a blood test will result in the suspension of his privilege to operate a motor vehicle for a period of 6 months for a first refusal, or for a period of 1 year if the driving privilege of such person has been suspended previously as a result of a refusal to submit to such a test or tests. The refusal to submit to a blood test upon the request of a law enforcement officer shall be admissible in evidence in any criminal proceeding.
The trial court is obviously correct that this subsection does not contain an express requirement of reasonable or probable cause. Nevertheless, a reasonable cause requirement in this subsection must necessarily be implied from reading section 316.1932(l)(c) together with section 316.1932(l)(a).
Pursuant to section 316.1932(l)(c), two requirements must be present before a blood test can be administered to determine the alcoholic content of an individual’s blood or the presence of chemical or controlled substances. First, the individual to be tested must appear for treatment at a hospital, clinic, or other medical facility as a result of his involvement as a driver in a motor vehicle accident. Second, and crucial for the purposes of this appeal, the administration of a breath test or urine test must be impractical or impossible. Necessarily implicit in this second requirement is that a breath or urine test would have been statutorily permissible under section 316.-1932(l)(a) but for the inability to administer these tests. For a breath or urine test to be statutorily permissible, it must be
administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving or was in actual physical control of the motor vehicle within this state under the influence of alcoholic beverages ... [or] controlled substances.
§ 316.1932(1)(a), Fla.Stat. (emphasis added) [4] Therefore, before a law enforcement officer may request the administration of a blood test pursuant to section 316.-1932(1)(c), that officer must first have reasonable cause sufficient to request a breath or urine test under section 316.1932(1)(a).
We find that section 316.1932(l)(c) impliedly contains a reasonable cause requirement which corresponds to the express reasonable cause requirement found in section 316.1932(l)(a) and therefore does not suffer from any constitutional infirmities by reason of an absence in section 316.1932(l)(c) of an express reasonable cause requirement. We hold that section 316.1932(l)(e) is constitutional, answer the certified question in the negative, and reverse the lower court's order granting the defendant’s motion to suppress.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
REVERSED.
ORFINGER and SHARP, JJ., concur.

. We note that probable or reasonable cause has frequently been found to exist where a law enforcement officer smells alcohol on an individual's breath. See, e.g., Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984); State v. Williams, 417 So.2d 755 (5th DCA 1982).

. The defendant later testified that he had no recollection of these events due to his injuries, and the trial court determined that the defendant was incapable of giving his consent to the blood test.

.The presence of 0.10 percent or more by weight of alcohol in the person’s blood is prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired. § 316.1934(2)(c), Fla.Stat.

. We note that, unlike breath or urine tests, a blood test administered pursuant to section 316.1932(l)(c) need not be incidental to a lawful arrest. See Filmon v. State, 336 So.2d 586 (Fla. 1976), cert. denied, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed. 375 (1977); State v. Mitchell, 245 So.2d 618 (Fla.1971); Pardo v. State, 429 So.2d 1313 (Fla. 5th DCA 1983).