## WARDINGLEY v STATE OF FLORIDA
### Case No. CJAP86-34 (Lower Court Case No. TO86-11776)
Ninth Judicial Circuit, Orange County

June 7, 1990

### APPEARANCES OF COUNSEL

Office of the State Attorney for appellee.

### OPINION OF THE COURT

EMERGSON R. THOMPSON, JR., Circuit Judge.

Appellant was charged with Driving Under the Influence in violation of Florida Statute 316.193. The facts of the case are essentially undisputed. While investigating a single vehicle accident involving Appellant, a police officer observed Appellant to be stumbling, unsure of himself, and with the smell of alcohol on his breath. Appellant was bleeding slightly from his head and requested to go to a hospital. The officer instructed a paramedic to draw a blood sample from Appellant

prior to the latter's being transported from the scene. Appellant appeared to impliedly consent to the blood being drawn. No chemical, breath, or urine tests were administered, nor was a pre-arrest test given. The officer did not give Appellant his implied consent warnings under Florida State 316.1932. The results of the test revealed a blood alcohol level of 0.25 grams.

At trial, Appellant filed a Motion to Suppress the results of the test as having been obtained in violation of Florida Statute 316.1932. Appellant also filed a Motion to Dismiss pursuant to Rule 3.190(c)(4), Florida Rules of Criminal Procedure. Both motions were denied. Appellant entered a plea of nolo contendere and reserved the right to appeal.

Appellant first contends the trial court erred in denying his Motion to Suppress because the officer failed to give Appellant his implied consent warnings. These warnings are required under Florida Statute 316.1932(1)(c). It is Appellant's contention that failure to comply with this requirement taints the subsequent testing and renders that evidence invalid. The failure to provide the warning does not render the evidence inadmissible. *State v Gunn,* 408 So.2d 647 (4th DCA 1981). Further, in *Pardo v State,* 429 So.2d 1313 (5th DCA 1983), the Court declined to apply a blanket exclusionary rule when the officers fail to comply with the special requirements of the statute. Therefor, Appellant's first claim of error is denied.

Appellant further asserts as error the failure of the officer to offer a breath or urine test in lieu of drawing blood. The taking of blood is not unreasonable if the officer has probable cause to believe a suspect has been driving under the influence of alcohol. *Schmerber v California,* 384 U.S. 757 (1966); *State v Williams,* 417 So.2d 755 (5th DCA 1982). However, prior to such actions, a two-part test must be met: (1) Appellant must appear for treatment at a hospital as a result of an accident, and (2) administration of a breath or urine test must be impractical or impossible. *State v Hilton,* 498 So.2d 698 (5th DCA 1986). In the instant case, Appellant sought treatment at a hospital after the accident. In addition, his desire to be transported for treatment rendered the administration of either a breath or urine test impractical. Therefor, this court affirms the decision of the trial court with regard to Appellant's Motion to Suppress.

Finally, Appellant seeks review of the trial court's denial of his Motion to Dismiss. This court lacks jurisdiction to hear such a claim. Rule 9.140(b)(1), Fla.R.App.P.

The trial court's Order Denying Appellant's Motion to Suppress is

hereby AFFIRMED. This cause is remanded to the trial court for proceedings consistent with this opinion.

Motions for rehearing will not be entertained. The Clerk is directed to issue its mandate forthwith.

DONE AND ORDERED in Chambers at Orlando, Orange County, Florida, this 7th day of June, 1990.