906 So.2d 1151 (2005)
STATE of Florida, Appellant,
v.
Margaret IACO and Kwang Kim, Appellees.
Nos. 4D04-2189, 4D04-2195.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
Rehearing Denied August 4, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellant.
Fredrick R. Susaneck of Essen, Essen, Susaneck, Canet & Goodis, P.A., West Palm Beach, and Donna P. Levine of Law Office of Donna P. Levine, West Palm Beach, for appellees.
MAY, J.
The State, pursuant to Florida Rules of Appellate Procedure 9.030(b)(4)(B) and 9.160, appeals two county court orders granting the defendants' motions to exclude the results of the breath tests and certifying a question of great public importance. We accept jurisdiction in both cases. We have consolidated them as they involve identical issues.
In each case, the State argues the trial court erred in suppressing the defendant's breath test results. We agree. Both orders *1152 are reversed and the cases remanded to the county court for further proceedings.

Iaco Case
Law enforcement stopped the defendant for speeding. The officer smelled alcohol on the defendant's breath. The defendant's eyes were bloodshot and watery; her face was flushed. The officer asked the defendant to perform field sobriety exercises, which she was unable to complete. The officer arrested the defendant and transported her to the Broward County Blood and Alcohol Testing Center (B.A.T.), where he read her the beginning, but not the entirety, of the implied consent advisement.
Specifically, the officer read the following:
You have been placed under arrest for driving under the influence of alcohol and/or a controlled substance. Under Florida law you are required to submit to a breath test to determine the alcohol content of your breath. Will you submit to testing?
The defendant consented to the test. The officer did not advise her of either the administrative or criminal consequences of refusing to take the test.
The State charged the defendant with driving under the influence. The defendant moved to exclude the breath analysis results on the basis that the informed consent advisement was incomplete and not in compliance with section 316.1932, Florida Statutes (2002). The State responded that the incomplete advisement did not affect the admissibility of the results, citing State v. Gunn, 408 So.2d 647 (Fla. 4th DCA 1981).
At the hearing on the motion to exclude, the officer testified to the facts leading up to the defendant's arrest. He admitted he had read only the abbreviated version of the informed consent advisement, even though he knew the statute contained additional language. He acknowledged that "if the person goes ahead and complies  gives consent to comply with the tests, then the implied consent is not read any further. . . ."
Defense counsel argued the statute requires law enforcement to read the entire informed consent advisement because it uses the word "shall." Further, he argued the Broward County State Attorney's Office had instituted a policy that required law enforcement to inform persons only that they are required by law to submit to the test before asking them if they are willing to submit. Because of this policy, defense counsel argued that Gunn was distinguishable.
The county court granted the motion. It found section 316.1932(1)(a), Florida Statutes, "expressly states that a subject arrested for DUI `shall' be advised of the consequences of refusing to provide a sample of breath," thereby making the full advisement mandatory. The court found "a limited and/or partial legal advisement represents a material modification of the plain language and intent of" section 316.1932(1)(a), Florida Statutes, and "affirmatively violates principles of fundamental fairness and Defendant's right to Due Process...." The trial court distinguished Gunn and Pardo v. State, 429 So.2d 1313 (Fla. 5th DCA 1983) by suggesting they involved inadvertent, unintentional failures to provide a full implied consent advisement as opposed to the formal policy directive that existed in the present cases. The court then certified the following question to this court.
Whether a partial and incomplete reading of Implied Consent Warnings by Law Enforcement Officers based upon an agency policy directive, which excludes the portion of the Implied Consent Warnings pertaining to refusal and advisement of right to refuse a chemical *1153 test and/or the criminal and administrative consequences of a refusal is deemed to be in substantial compliance with F.S. 316.1932(1)(a)?

Kim Case
Law enforcement stopped the defendant for a traffic infraction. The officer smelled alcohol on the defendant's breath. The defendant's eyes were red, bloodshot, and watery. He admitted to drinking alcohol. The defendant was unable to remove his driver's license from his wallet. Another officer arrived and conducted a field sobriety test. The defendant discontinued the test and admitted he was drunk. He was arrested and taken to the Broward County Sheriff's Office B.A.T. facility.
The defendant was read the precise abbreviated advisement that was given in the Iaco case. He was not advised of the administrative or criminal consequences of refusing the breath test. He submitted to the test.
The State charged the defendant with DUI. The defendant filed a motion to exclude the results of his breath tests. After hearing legal argument, the same trial court that heard the Iaco case granted the motion to suppress and certified the same question to this court as one of great public importance. The State appealed.
We rephrase the question presented as follows:
Whether suppression of evidence is warranted when law enforcement intentionally fails to read the full implied consent warnings based upon a department policy?
We answer the question in the negative.
In Gunn, this court held that exclusion of evidence was an inappropriate sanction on the State when law enforcement failed to fully advise a defendant of the consequences for failing to submit to a breathalyzer test. Gunn, 408 So.2d at 649. This court found "no legislative intent to impose a further sanction on the State by excluding as evidence the results of a chemical test administered to a driver (who has not affirmatively revoked the statutory consent) merely because of his not being informed, prior to testing, of the consequences should testing be refused." Id. The Fifth District Court of Appeal reached the same conclusion in Pardo. Indeed, at least one other jurisdiction has held similarly. See, e.g., State v. Huskins, 989 S.W.2d 735 (Tenn.Crim.App.1998); State v. Humphreys, 70 S.W.3d 752 (Tenn.Crim.App.2001).
Our earlier opinion in Gunn is controlling. Contrary to the trial court's conclusion that Gunn could be distinguished because it involved an inadvertent failure to advise of the criminal and administrative consequences of a refusal to take a breath test, Gunn did not indicate that the failure to advise in that case was in fact inadvertent. As we noted in Gunn, the administrative and criminal consequences apply only if the defendant refuses the breathalyzer test. When the defendant consents to the test, those consequences do not apply. Thus, failing to be advised of them does not warrant suppression of the test results.
We answer the certified question in the negative, reverse the suppression orders, and remand the cases to the county court for further proceedings.
STEVENSON and TAYLOR, JJ., concur.