991 So.2d 1026 (2008)
Karizma KIRPALANI, Petitioner,
v.
STATE of Florida DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 4D08-3164.
District Court of Appeal of Florida, Fourth District.
October 8, 2008.
*1027 Richard Hersch of Hersch & Talisman, P.A., Miami, for petitioner.
No appearance required for respondent.
GROSS, J.
Karizma Kirpalani's license was suspended after she submitted to a breath test that yielded results exceeding the legal limit of .08 grams of alcohol per 100 milliliters of blood. She filed for formal review of the suspension with the Department of Highway Safety and Motor Vehicles pursuant to section 322.2615(6), Florida Statutes (2007). The hearing officer upheld the suspension. Kirpalani challenged that ruling by filing a petition for writ of certiorari with the circuit court. After the circuit court denied that petition, Kirpalani filed a timely petition for certiorari with this court. We deny the petition for the reasons set forth below.
As established before the administrative hearing officer, this case arose from a September 28, 2007 traffic stop. Deputy Ira Maris stopped a car for speeding. Kirpalani was the driver. She had a New Jersey driver's license. The deputy noted a strong odor of an alcoholic beverage on her breath, bloodshot eyes, and a flushed face, so he radioed for another deputy to conduct a DUI investigation.
Deputy Mike Wiley responded to the scene of the stop. Wiley verified that Kirpalani had a New Jersey driver's license and not a Florida license. He told her he was there to conduct a DUI investigation. He too noticed her "glassy eyes, flushed face, and an odor on her breath." After conducting field sobriety tests, Wiley concluded that Kirpalani was under the influence of alcohol to the extent that her faculties were impaired.
Wiley placed Kirpalani under arrest and read her a version of the implied consent law. He told her that the implied consent law meant that one who drives a car in Florida and is suspected of being under the influence will cooperate and supply the requested test; he was requesting that she take a breath test, but he could not force her to take it. Kirpalani refused. Wiley admitted that he was not sure how things worked in New Jersey, but explained that if she failed to submit to the requested test, her privilege of operating a motor vehicle would be suspended for a year for a first refusal, or for eighteen months if her privilege had been suspended previously for a like failure.
Continuing, Wiley elaborated, "However, if you do refuse, your New Jersey license is going to be suspended for one year through the state of Florida." He told her that if she submitted to the test, and scored over the legal limit, then her license would be suspended for six months. The deputy advised that Kirpalani's refusal to submit to a breath test could be used against her in court. Wiley said he was not giving Kirpalani legal advice, but repeated that if she did not submit, then her license would be suspended automatically for a year.
After hearing Deputy Wiley's summary of the law, Kirpalani took the breath test. She testified at the hearing that she agreed to submit because the deputy "told [her] that [her] license in New Jersey was going to be suspended for a year." Her breath test results were .103 and .107, both above the legal limit.
*1028 At the formal review with the Department, Kirpalani objected to the admission of the breath test results, contending that Wiley coerced her submission to the exams by misstating New Jersey law concerning the consequences of her refusal. She argued that the deputy erroneously told her that her refusal to take the test would result in "her New Jersey license [being] automatically [] suspended for one year for a first refusal and 18 months if she had previously refused the test." The hearing officer overruled her objections.
The hearing officer sustained the suspension of Kirpalani's driving privilege. Pursuant to section 322.2615(7)(a), Florida Statutes (2007), the hearing officer found that Deputy Maris had probable cause to believe that Kirpalani was driving a motor vehicle while under the influence of alcohol and that her blood alcohol level was .08 or higher.
In her circuit court certiorari petition, Kirpalani persisted in her challenge to the admission of the breath test results based on Deputy Wiley's "misinformation and a misstatement about the consequences of refusal" to take a breath test. The circuit court denied the petition, concluding that the Department had afforded Kirpalani due process, observed the essential requirements of law, and that its actions were supported by competent substantial evidence. The court rejected the attack on the admissibility of the breath tests by relying on State v. Gunn, 408 So.2d 647 (Fla. 4th DCA 1981).
For a certiorari petition filed from a circuit court decision rendered in its review capacity, the standard of review is whether the petitioner has been denied procedural due process, or whether the circuit court departed from the essential requirements of law in such a way as to cause a miscarriage of justice. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995).
A citizen has no constitutional right "to protection from having a specimen of [breath] taken for testing purposes." Pardo v. State, 429 So.2d 1313, 1315 (Fla. 5th DCA 1983); see Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). By accepting "the privilege extended by the laws of this state of operating a motor vehicle within this state," a driver is "deemed to have given his or her consent to submit to an approved chemical test ... of his or her breath for the purpose of determining the alcoholic content of his or her blood," if the person is lawfully arrested for DUI. § 316.1932(1)(a), Fla. Stat. (2007). A nonresident's privilege of driving a motor vehicle "shall be subject to suspension or revocation ... in the same manner and for the same cause" as a Florida driver's license "may be suspended or revoked." § 322.23(1), Fla. Stat. (2007).
Advising a DUI arrestee of the consequences of refusing to submit to a breath test is not a prerequisite to the admissibility of the breath test results into evidence. The implied consent requirements of section 316.1932(1)(a) are not limitations on the admissibility of competent evidence. See Pardo, 429 So.2d at 1315. The statute "manifests a legislative intent that a failure to inform a driver of the consequence of refusing to submit to testing will simply afford the driver an escape from suspension of driving privileges, should he, in fact, face such a suspension by virtue of having refused testing." State v. Gunn, 408 So.2d 647, 649 (Fla. 4th DCA 1981); State v. Iaco, 906 So.2d 1151 (Fla. 4th DCA 2005). Under section 316.1932, an officer's roadside description of the effects of refusing to submit to a breath test is not a procedural trap for the admissibility of test results.
*1029 Kirpalani complains that her consent was coerced because the deputy did not correctly advise her about New Jersey law, but that concept is not properly part of the equation in this case. In Iaco, we refused to suppress breath test results where the arresting officer told the defendant that she was required to submit to a breath test, but failed to suggest that she could refuse the test and take the statutory consequences. Id. at 1152.
Iaco thus presents a stronger case for coercion than this one. There, law enforcement intentionally failed to advise the motorist of potential consequences based upon a policy espoused by the state attorney's office where here it appears that law enforcement may have been simply mistaken about New Jersey law in his advisement. Deputy Wiley correctly and fully advised Kirpalani about Florida law and her driving privileges in Florida, but may have been incorrect about the effects of a refusal to submit to a breath test in Florida under New Jersey law.
Additionally, in Iaco, this court addressed the admissibility of evidence in a criminal trial for an intentional failure to advise of administrative consequences of a failure to take a breathalyzer test. Relying on Gunn, we held that an officer's failure to fully advise a motorist of the administrative and criminal consequences did not warrant suppression of evidence. There is no basis for adopting a more stringent evidentiary requirement in an administrative hearing. Here, the defendant tried to use a potentially inadequate advisement about New Jersey law to defend against the administrative consequence imposed against Florida driving privileges. The hearing officer simply disagreed that the inadequate advisement warranted avoidance of statutorily imposed Florida sanctions.
For these reasons, we conclude that there has been no departure from the essential requirements of law in the circuit court's affirmance of the suspension of the defendant's license.
Petition for writ of certiorari denied.
MAY, J., concurs.
FARMER, J., concurs in result only.